UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSE S. FUENTES,                                    Civil Action No.:

                     Plaintiff,

   -against-

335 ALPHA, INC.,

                     Defendant.
-----------------------------------------------------------------X

## COMPLAINT

Plaintiff, JOSE S. FUENTES ("Plaintiff"), as and for his Complaint against Defendant, 335 ALPHA, INC. ("Defendant"), respectfully alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law (hereinafter the "NYLL"), and the supporting New York State Department of Labor Regulations of the New York Codes, Rules, and Regulations (hereinafter the "Regulations"), including 12 N.Y.C.R.R. § 142-2.2, to recover unpaid overtime compensation and for other relief.

2. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

1

4. Venue is appropriate in the Eastern District of New York pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff is an adult individual who is a resident of Patchogue, New York.

6. Plaintiff was employed by Defendant as a cook from around 1997 to about December 24, 2016.

7. Defendant is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Upon information and belief, at all relevant times, Defendant has maintained, and still maintains, a place of business located at 303 East Main Street, Patchogue, New York.

9. Upon information and belief, at all relevant times, Defendant has operated, and still operates, a catering hall located at 303 East Main Street, Patchogue, New York.

## FACTS

10. During the time period June 2011 until December 24, 2016, Plaintiff worked six days a week with Monday being his off day.

11. During this time period, Plaintiff worked one Monday a month and 7 days a week once per month.

12. During this time period, Plaintiff worked the following shifts: Tuesday – 10:00 a.m. to 6:00 p.m.; Wednesday – 10:00 a.m. to 8:00 p.m.; Thursday – 10:00 a.m. to 11:00 p.m.; Friday – 10:00 a.m. to 11:00 p.m.; Saturday – 10:00 a.m. to 10:00 p.m.; and Sunday 11:00 a.m. to 11:00 p.m.

13. During this time period, Plaintiff did not take any meal breaks of more than 15 minutes at a time.

14. During this time period, Plaintiff worked 68 hours each week.

15. During this time period, when Plaintiff worked Mondays, he worked from 10:00 a.m. to 6:00 p.m.

16. During this time period, when Plaintiff worked Mondays, he worked 76 hours a week.

17. During the time period June 2011 through December 2015, Plaintiff was paid a weekly salary of $900.00.

18. During this time period, Plaintiff was paid partly by check and partly in cash.

19. During this time period, when the net amount of Plaintiff's check did not amount to $900.00 each week, Defendants supplemented Plaintiff's pay in cash.

20. During this time period, Plaintiff's pay stubs did not accurately reflect the amount of hours that Plaintiff worked each week or the pay that he received each week.

21. During this time period, Plaintiff punched in when he arrived for his shift each morning and punched out when his shift ended each evening.

22. During this time period, when Plaintiff worked on Mondays, Defendant directed him not to punch in or punch out.

23. During this time period, Plaintiff worked more hours each week than what Defendants put on his pay stubs.

24. During this time period, Defendants did not pay Plaintiff overtime compensation.

25. During this time period, Defendants did not pay Plaintiff time and a half his regular rate of pay.

26. During this time period, Plaintiff was not given and did not sign a notice and acknowledgment of pay rate pursuant to NYLL section 195(1).

27. During this time period, Plaintiff was not given pay stubs that accurately set forth his weekly hours, weekly pay, and pay rate pursuant to NYLL section 195(3).

28. During this time period, Plaintiff worked shifts in excess of 10 hours during at least 4 days each week.

29. During this time period, Plaintiff was not paid spread of hours pay.

30. During the time period January 2016 through December 2016, Plaintiff was paid by the hour.

31. During this time period, Plaintiff was not paid for all the hours that he worked each week.

32. During this time period, Plaintiff punched in and out for at least 68 hours a week.

33. However, Plaintiff's pay stubs show that he was paid for substantially less than 68 hours each week.

34. Additionally, when Plaintiff worked on Mondays, he was not paid any compensation at all for any of the Monday hours that he worked.

35. During this time period, while Plaintiff was paid some overtime compensation, he was not paid any compensation at all, either straight time or time and a half, for several hours that he worked each week.

4

36. During this time period, Plaintiff did not sign or receive a notice and acknowledgement of pay rate pursuant to NYLL section 195(1).

37. During this time period, Plaintiff did not receive pay stubs that accurately reflected the amount of hours that he worked each week pursuant to NYLL section 195(3).

38. During this time period, Plaintiff was not given and did not take any meal breaks of more than 15 minutes at a time.

39. During this time period, Plaintiff worked shifts in excess of 10 hours for at least 4 days each week.

40. However, Defendant did not pay Plaintiff spread of hours pay during this time.

41. During the last 6 years of his employment, Defendant managed Plaintiff's employment, including the amount of overtime that he worked each workweek.

42. During this time, Defendant dictated, controlled, and ratified the wage-and-hour and all related employee compensation policies.

43. During this time, Defendant was aware of Plaintiff's work hours, but failed to pay the Plaintiff the full amount of wages to which he was entitled each week for this work time under federal and state laws.

44. Defendant's failures to pay Plaintiff proper wages in a timely manner have been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged, and continues to be damaged, by such failures.

## COUNT I

### FLSA Overtime Wage Claim

45. Plaintiff alleges, re-alleges, and incorporates by reference all allegations set forth in each of the preceding paragraphs as though fully set forth herein.

46. At all times relevant to this Complaint, Defendant has been and continues to be, an "employer" within the meaning of the FLSA (29 U.S.C. § 207(a)(2)).

47. At all times relevant to this Complaint, Defendant "employed" Plaintiff by suffering or permitting him to work within the meaning of the FLSA (29 U.S.C. § 203(g)).

48. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

49. At all times relevant to this Complaint, Defendant has, and continues to have, employees handle goods or materials that have moved in interstate commerce, including the Plaintiff who worked as a cook at Defendant's catering facility.

50. At all times relevant to this Complaint, Defendant has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA (29 U.S.C. § 203(s)).

51. Upon information and belief, the gross annual volume of sales made or business done by Defendant for the years 2016, 2015, and 2014 was not less than $500,000.00 each year.

52. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. §§ 207, *et seq*.

53. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

54. By the above-alleged conduct, Defendant has violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

55. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

56. However, none of the Section 13 exemptions apply to Plaintiff because he has not met the requirements for coverage under the exemptions.

57. Defendant has acted willfully and has either known that his conduct violated the FLSA or has shown a reckless disregard for the matter of whether its conduct violated the FLSA.

58. Defendant has not acted in good faith with respect to the conduct alleged herein.

59. As a result of Defendant's violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation pursuant to 29 U.S.C. § 216(b).

## COUNT II

### NYLL Overtime Wage Claim

60. Plaintiff alleges, re-alleges and incorporates by reference all of the allegations from all preceding paragraphs as though fully set forth herein.

61. At all times relevant to this Complaint, Defendant was an "employer" of Plaintiff within the meaning of the NYLL and the regulations pertaining thereto.

62. At all times relevant to this Complaint, Plaintiff was an "employee" of Defendant within the meaning of the NYLL and the regulations pertaining thereto.

63. At all times relevant to this Complaint, Defendant employed Plaintiff, suffering or permitting him to work within the meaning of the NYLL and the regulations pertaining thereto.

64. At all times relevant to this Complaint, Plaintiff was employed by Defendant within the meaning of NYLL §§ 2 and 651.

65. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §142-2.2.

66. By the above-alleged conduct, Defendant has failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours a week for Defendants.

67. By the above-alleged conduct, Defendant has failed to pay Plaintiff overtime compensation as required by the NYLL and the regulations pertaining thereto.

68. Plaintiff is not exempt from the overtime provisions of the NYLL and the regulations, because he has not met the requirements for any of the reduced number of exemptions available under New York law.

69. Defendant has acted willfully and has either known that his conduct violated the NYLL and the regulations pertaining thereto or has shown a reckless disregard for the

8

matter of whether his conduct violated the NYLL. Defendants have not acted in good faith with respect to the conduct alleged herein.

70. As a result of Defendants' violations of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation pursuant to the NYLL.

## COUNT III

### NYLL Spread of Hours Claim

71. Plaintiff alleges, re-alleges and incorporates by reference all of the allegations from all preceding paragraphs as though fully set forth herein.

72. During the entire course of his employment, Plaintiff worked shifts of in excess of ten (10) hours each workweek.

73. Defendant failed to pay Plaintiff spread of hours compensation of an additional hour of pay at the minimum wage for each day that Plaintiff worked a spread of hours in excess of ten hour as required under the New York State Department of Labor's Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

74. Defendant's failures constituted outrageous conduct, made knowingly and willfully or with a reckless indifference to Plaintiff's rights.

75. As a result of Defendant's violations of the NYLL and the Regulations pertaining thereto, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## COUNT IV

### NYLL Failure to Provide Wage Notices Claim

76. Plaintiff alleges, re-alleges and incorporates by reference all allegations from all preceding paragraphs as though fully set forth herein.

77. Defendant willfully failed to furnish Plaintiff with wage notices during his employment as required by NYLL § 195(1), in English or in Spanish (the language identified by Plaintiff as his primary language), which were to contain, among other things, Plaintiff's rates of pay and basis thereof; the regular pay day designated by Defendant as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiff's regular hourly rates of pay and overtime rates of pay.

78. Through its knowing and intentional failure to provide Plaintiff with proper wage notices required by the NYLL, Defendant has willfully violated NYLL §§ 190 *et seq.* and the supporting regulations.

79. Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties of fifty dollars ($50.00) for each work week prior to February 27, 2015 in which Defendant failed to provide Plaintiff with proper wage notices up to a maximum of twenty-five hundred dollars ($2500.00), in addition to statutory penalties of fifty dollars ($50.00) for each work day on or after February 27, 2015 in which Defendant failed to provide Plaintiff with proper wage notices up to a maximum of five thousand dollars ($5,000.00), together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT V

### NYLL Failure to Provide Wage Statement Claim

80. Plaintiff alleges, re-alleges and incorporates by reference all allegations from all preceding paragraphs as though fully set forth herein.

81. Defendant willfully fails to provide Plaintiff with proper written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

82. Through its knowing and intentional failure to provide Plaintiff with proper and accurate wage statements required by the NYLL, Defendant has willfully violated NYLL §§ 190 *et seq.* and the supporting regulations.

83. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties of one hundred dollars ($100.00) for each work week prior to February 27, 2015 that Defendant failed to provide Plaintiff with proper written wage statements up to a maximum of twenty-five hundred dollars ($2500.00), in addition to statutory penalties of two hundred fifty dollars ($250.00) for each work day on or after February 27, 2015 in which Defendant failed to provide Plaintiff with proper wage statements up to a maximum of five thousand dollars ($5,000.00), together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## COUNT VI

### Violation of NYLL Sections 190, 191, and 198

84. Plaintiff alleges, re-alleges, and incorporates by reference all allegations set forth in each of the preceding paragraphs as though fully set forth herein.

85. At all times relevant to this Complaint, Defendant suffered and permitted Plaintiff to work several hours each workweek without paying him any compensation at all.

86. Defendant accepted the fruits of Plaintiff's labor without paying him any compensation at all for these hours worked.

87. Defendant's failures to pay Plaintiff his regular wages for all hours worked constitute outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

88. As a result of Defendant's violation of the NYLL and the Regulations promulgated therein, Plaintiff has incurred harm, loss, and damages in an amount to be determined at trial, and is entitled to recover such from Defendant, in addition to liquidated damages, attorneys' fees, costs of litigation, and pre-judgment and post-judgment interest pursuant to the NYLL.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendant, in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendant committed one or more of the following acts:

1. Violated provisions of the FLSA by failing to pay overtime wages to the Plaintiff;
2. Willfully violated the overtime provisions of the FLSA;
3. Violated the provisions of the NYLL by failing to pay overtime wages, regular wages, and spread of hours wages to the Plaintiff;
4. Willfully violated overtime, regular wage, and spread of hours provisions of the NYLL.

B. Award compensatory damages, including all overtime and spread of hours compensation owed, in an amount according to proof;

C. Award interest on all NYLL overtime, regular and spread of hours compensation and other compensation due accruing from the date such amounts were due;

D. Award all costs, attorney's fees incurred in prosecuting this action as well as liquidated damages under the FLSA and the NYLL; and

E. Provide such other and further relief as the Court deems just and equitable.

Dated: Massapequa, New York
June 5, 2017

Neil H. Greenberg & Associates, P.C.

By: Neil H. Greenberg, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: (516) 228-5100
Fax: (516) 228-5106
nhglaw@nhglaw.com

# FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra <u>335 Alpha, Inc. and Evan Abazis</u> y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against <u>335 Alpha, Inc. and Evan Abazis</u> and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

Fecha/Date: 1/3/17

*[signature]*
Jose Santos Fuentes